**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING**

**ROVER PIPELINE LLC,**

      **Plaintiff,**

**v.**                                    **Civil Action No. 1:18-cv-00089-JPB**

**ROVER TRACT NO(S). WV-DO-SHB-009.972-TAR-1A,
COMPRISED OF PERMANENT EASEMENT(S)
TOTALING 0.00 ACRES, MORE OR LESS,
AND TEMPORARY EASEMENT(S)
TOTALING 0.09 ACRES, MORE OR LESS,
OVER A PARCEL OF LAND IN GRANT DISTRICT,
DODDRIDGE COUNTY, WEST VIRGINIA,
CONSISTING OF 0.81 ACRE, AND IDENTIFIED AS
PARCEL NO(S). 03-19-0016-0000-0000,
AS MORE PARTICULARLY DESCRIBED HEREIN**

**GREGORY BRIAN COX
274 SWEET DREAM LN.
HARRISVILLE, WV 26262**

**DIANA LYNNE KNIGHT
3835 NUTTER FORK
WEST UNION, WV 26456**

**SHEILA RENA MCCUTCHAN
UNKNOWN ADDRESS**

**UNKNOWN OWNERS**

**<u>AMENDED VERIFIED COMPLAINT FOR CONDEMNATION OF EASEMENT(S)
KNOWN AS TRACT NO(S). WV-DO-SHB-009.972-TAR-1A</u>**

      Plaintiff Rover Pipeline LLC ("Rover"), by and through its counsel, files this Amended

Verified Complaint for Condemnation of Easements Known as Tract No(s). WV-DO-SHB-

009.972-TAR-1A ("Verified Complaint") pursuant to the Natural Gas Act ("NGA"), 15 U.S.C. §

717f(h), and Federal Rule of Civil Procedure 71.1, and states as follows:

1.      This is an action to take 0.00 acres, more or less, of permanent easement acreage and 0.09 acres, more or less, of temporary easement acreage (collectively, the "Easements") over the above-captioned parcel of land located in Doddridge County, West Virginia (the "Parent Tract"), under the power of eminent domain and to determine just compensation to be paid to the owners for the Easements pursuant to the NGA, 15 U.S.C. § 717 *et seq*.  The Easements are comprised of Permanent Pipeline Easement(s), Temporary Workspace Easement(s), Surface Site Easement(s), Temporary Road Access Easement(s), and/or Permanent Road Access Easement(s), and are more particularly identified, described, and depicted on **Exhibit A** hereto.

2.      Rover is a natural gas company as defined by Section 2(a) of the NGA, 15 U.S.C. § 717a(6). Rover is a Delaware limited liability company with a principal place of business at 8111 Westchester Drive, Suite 600, Dallas, Texas 75225.  It is registered to do business in and is engaged in business in the states of West Virginia, Pennsylvania, Ohio, Michigan, and within this federal district. Rover is a company organized for the purpose, among other things, of transporting natural gas in interstate commerce through pipes and conduits, is an interstate natural gas company within the meaning of the NGA, 15 U.S.C. § 717a(6), and as such, is qualified to construct, own, operate, and maintain pipelines for the transmission of natural gas in interstate commerce.

3.      The persons and entities who have or claim an interest in the Easements, whose names have become known or were ascertained by a reasonably diligent search of the records pursuant to Federal Rule of Civil Procedure 71.1(c)(3), and who have not yet executed an easement or other agreement with Rover are those identified by name in the above caption ("Defendants"). There may be others who have or claim an interest in the Easements and whose names could not be ascertained by a reasonably diligent search of the records pursuant to Federal

Rule of Civil Procedure 71.1(c)(3).  These persons and/or entities are made parties to this action under the designation of "Unknown Owners" pursuant to pursuant to Federal Rule of Civil Procedure 71.1(c)(3). Upon information and belief, no other persons have or claim an interest in the property.

4.       The authority for the taking is the NGA, 15 U.S.C. § 717 *et seq*.

5.       Rover is the holder of a Certificate of Public Convenience and Necessity ("Certificate") issued on February 2, 2017, by the Federal Energy Regulatory Commission ("FERC"), under Docket Nos. CP15-93-000, CP15-93-001, CP15-94-000, and CP15-96-000, 158 FERC ¶ 61,109, a true and correct copy of which is attached hereto as **Exhibit B** and incorporated herein, to construct, operate, and maintain an interstate natural gas pipeline system consisting of approximately 713 miles of new 24" to 42" diameter natural gas pipelines and appurtenant facilities (approximately 510.7 linear miles of pipeline easement and 713 total miles of pipe therein) with a total system capacity of up to 3.25 billion cubic feet per day (Bcf/d) of natural gas supply from Marcellus and Utica Shale producers and traversing through numerous counties in West Virginia, Ohio, Pennsylvania, and Michigan, through interconnections with existing pipeline infrastructure in Ohio and Michigan to supply interstate natural gas pipelines and storage facilities as well as markets in the Gulf Coast, Midwest, Southeast, East Coast, and Canadian regions (the "Rover Project"). The Rover Project represents an approximate $4.2 billion investment of private funds for public infrastructure under the NGA.[1]

6.       Pursuant to the Certificate, Rover must complete the authorized construction of the proposed facilities and the required restoration and remediation of the Parent Tract related to such construction.

---

[1] Due to re-routes for which FERC approval was obtained after the Certificate was issued, modifications to the figures cited in paragraph numbered 5 may have occurred.

7.      The proposed construction, restoration, and remediation schedule for the Rover Project are driven by the public need for providing a means of transporting large volumes of stranded natural gas to market while minimizing adverse impacts on the Parent Tract and the environment.

8.      Per the Certificate, the construction of the Rover Project must comply with applicable environmental permits, approvals, and regulations.

9.      To allow Rover to fulfill its restoration and remediation obligations pursuant to the Certificate, Rover seeks immediate access to and possession of the following: Temporary Workspace Easement(s) and/or Temporary Road Access Easement(s) for extended periods of time, as more particularly identified, described, and depicted on **Exhibit A** hereto (and to the extent that such easements are identified, described, and depicted on **Exhibit A** hereto).

10.     The amount of property sought for the Easements, the location of the Easements, and the intended uses of the Easements are within the scope of the Certificate and are necessary for the Rover Project.

11.     The right to use the Easements shall belong to Rover and its agents, employees, designees, contractors, guests, invitees, successors, and assigns, and all those acting by or on behalf of it for the purposes stated in **Exhibit A** hereto.   In addition to the rights more particularly identified, described, and depicted on **Exhibit A** hereto, Rover seeks the right of ingress and egress over, across, and through the Easements, while they remain in effect, and to access the same from other rights-of-way or easements and roads, to which Rover has the right of access, for the above-stated purposes and for all other purposes convenient and necessary to the exercise of the rights granted by the Certificate as applied and enforced by this Court.

12.     Pursuant to the Easements sought herein, and in addition to the rights more particularly identified, described, and depicted on **Exhibit A** hereto, Rover seeks the right to construct, maintain, and change slopes of cuts and fills to ensure proper lateral and subjacent support and for drainage for a pipeline not to exceed 42 inches in nominal diameter (the "Pipeline"), together with such below ground valves (unless a Surface Site Easement is also sought, in which case, Rover seeks to have the right to place both the valve and related equipment above ground), and below ground fittings, above ground corrosion control devices, and below ground wires, cables, and other equipment and appurtenances, and above ground cathodic protection test leads and pipeline markers, as may be necessary or convenient for the construction, operation, and maintenance of the Pipeline (collectively, the "Facilities").

13.     Pursuant to the Easements sought herein, and in addition to the rights more particularly identified, described, and depicted on **Exhibit A** hereto, Rover seeks the right to install, maintain, use, and seek access to the Easements through gates in all fences which now cross or may cross the Permanent Pipeline Easement(s) (to the extent that such easements are identified, described, and depicted on **Exhibit A** hereto) or which provide access to the Parent Tract where the Easements intersect the same; and Rover also seeks the right to install its own lock, if Rover so chooses, and Rover and the owner(s) of the Parent Tract shall have access (i.e., interlocking locks) through such gates. Rover and its designated contractors, employees, and invitees shall keep all gates in fences closed at all times, except when passing through the same, so that cattle, horses and/or other livestock located on the Parent Tract, if any, cannot stray from fenced pastures.

14.     In addition to the rights more particularly identified, described, and depicted on **Exhibit A** hereto, Rover seeks the right from time to time on the Permanent Pipeline

5

Easement(s), Surface Site Easement(s), and/or the Permanent Road Access Easement(s) (to the extent that such easements are identified, described, and depicted on **Exhibit A** hereto)  to trim, cut down or eliminate trees or shrubbery as may be necessary to prevent possible interference with the operation of the Facilities and to remove possible hazards thereto, and, except as otherwise provided herein or by applicable law, the right to remove or prevent the construction of any and all buildings, structures, reservoirs or other obstructions on said Permanent Pipeline Easement(s) and/or said Permanent Road Access Easement(s) that, in the sole judgment of Rover, may endanger or interfere with the efficiency, safety or convenient operation of the Facilities.

15.     In addition to the rights more particularly identified, described, and depicted on **Exhibit A** hereto, Rover seeks the right to adequately mark the Pipeline with permanent line markers, ground placards, and test leads in order to promote public safety and the future safe operation of said pipeline, and to meet applicable governmental regulations.

16.     In addition to the rights more particularly identified, described, and depicted on **Exhibit A** hereto, Rover seeks the right to assign its Easements to the extent allowed by applicable law, and the rights granted hereunder while in effect, may be assigned in whole or in part, to one or more assignees.   The permanent Easements sought hereunder shall be in perpetuity, and the easement provisions set forth in this Verified Complaint and **Exhibit A** hereto, including all benefits and burdens, shall be covenants running with the land and shall be binding on Rover and Defendants and their respective successors and assigns.

17.     If any of the lands within the Easements are subject to valid and subsisting oil and gas leases, coal leases, surface leases, pipeline easements or easements for other purposes, Rover's Easements and attendant rights acquired hereunder from and against the owners of such

6

leases and/or easements are (i) acquired only to extent necessary to carry out the rights granted to Rover under the Easements and other rights sought herein, and (ii) to be exercised by Rover so as to not unreasonably interfere with existing rights of such owners, provided, however, that Rover shall be entitled in all events to use the Easements to carry out the purposes approved by the FERC in the Certificate.  Defendants who own any interest in a valid and existing lease and/or easement may use lands lying within the Permanent Pipeline Easement(s) and Permanent Road Access Easement(s) (to the extent that such easements are identified, described, and depicted on **Exhibit A** hereto) for the uses authorized under the applicable lease and/or easement, provided that such uses do not destroy or unreasonably interfere with Rover's permitted uses.  As to all remaining Defendants, such Defendants (i) may use lands lying within said Permanent Pipeline Easement(s) and Permanent Road Access Easement(s) for all purposes which do not destroy or interfere with Rover's permitted uses of same, including, without limitation, agricultural, open space, setback, density, street, utility, and roadway purposes; (ii) after review and approval by Rover, which will not be unreasonably withheld, may construct and install any and all streets and roadways, at any angle of not less than forty-five degrees (45°) to Rover's Facilities, across said Permanent Pipeline Easement(s) which do not interfere with, damage, destroy or alter the operation of the Facilities; (iii) may construct and/or install water, sewer, gas, electric, cable TV, telephone or other utility lines across said Permanent Pipeline Easement(s) at any angle of not less than forty-five degrees (45°) to Rover's Facilities, across said Permanent Pipeline Easement(s) which do not interfere with, damage, destroy or alter the operation of the Facilities, and provided that all of Rover's required and applicable spacings, including depth separation limits and other protective requirements are met; and (iv) may construct and/or install water, sewer, gas, electric, cable TV, telephone or other utility lines across said Permanent Road Access

7

Easement(s) so long as such construction, installation, and maintenance of the same do not unreasonably interfere with Rover's use of the same, or damage or destroy the roads located within such easements.

18.     Defendants may not use any part of the Permanent Pipeline Easement(s) and/or the Permanent Road Access Easement(s) (to the extent that such easements are identified, described, and depicted on **Exhibit A** hereto) if such use may damage, destroy, injure, and/or interfere with the Rover's use of same for the permitted uses hereunder. Defendants, except for those Defendants who have rights to do so under valid and subsisting leases and/or easements, are not permitted to conduct any of the following activities on said Permanent Pipeline Easement(s) and/or said Permanent Road Access Easement(s) without the prior written permission from Rover: (i) construct any temporary or permanent building or site improvements, other than streets and roads as provided above; (ii) drill or operate any well; (iii) remove soil or change the grade or slope; (iv) impound surface water; or (v) plant trees or landscaping. Notwithstanding anything herein to the contrary, no above or below ground obstruction that may destroy or materially interfere with Rover's permitted uses shall be placed, erected, installed or permitted within or upon said Permanent Pipeline Easement(s) and/or said Permanent Road Access Easement(s) without the prior written permission of Rover.  In the event the terms of this paragraph are violated, Rover shall have the immediate right to correct or eliminate such violation at the sole expense of the Defendants.

19.     Rover does not seek to acquire any royalty, working, revenue, overriding, or other oil, gas, or mineral interests.  Defendants shall, to the extent owned by Defendants, retain all the oil, gas, and other minerals in, on, and under the Parent Tracts, including within the Easements; provided, however, Defendants shall not be permitted to drill or operate equipment for the

production or development of oil, gas, and minerals within or on the Permanent Pipeline Easement(s), Surface Site Easement(s) and/or the Permanent Road Access Easement(s) (to the extent that such easements are identified, described, and depicted on **Exhibit A** hereto), but Defendants shall be permitted to extract the oil, gas, and minerals from and under same by drilling and other means, so long as such activities do not damage, destroy, injure, and/or interfere with Rover's use, operation, and maintenance of the Facilities or Rover's use of said Easements for the purposes for which same are sought by Rover.

20.     Notwithstanding anything to the contrary herein, Rover does not seek to construct, build, install, maintain or have any above ground structures, installations, equipment or apparatus of any kind on or within the boundaries of the Permanent Pipeline Easement(s), Surface Site Easement(s) or Permanent Road Access Easement(s) (to the extent that such easements are identified, described, and depicted on **Exhibit A** hereto), except for the following: power poles and lines and communication cables and facilities on said Permanent Pipeline Easement(s) or Permanent Road Access Easement(s), facilities on said Surface Site Easement(s), electric poles on said Permanent Road Access Easement(s), pipeline markers and cathodic test leads on said Permanent Pipeline Easement(s), which will be placed within said Permanent Pipeline Easement(s) at road crossings, property boundaries or existing fence lines intersected by the Pipeline, unless required by applicable regulations to be placed at other locations within said Permanent Pipeline Easement(s), and pipeline vents, which will be placed within said Permanent Pipeline Easement(s) at road crossings, where required.

21.     The use of the lands within the Easements shall be regulated by all appropriate and then applicable ordinances, regulations, resolutions or laws of any governmental entity having authority over same.  Defendants must notify Rover in writing before the construction or

installation of any streets, roadways, utilities or other encroachments on the Permanent Pipeline Easement(s) and/or the Permanent Road Access Easement(s) (to the extent that such easements are identified, described, and depicted on **Exhibit A** hereto).

22.    Rover hereby agrees to indemnify and hold Defendants harmless from and against any claim or liability or loss from personal injury, property damage resulting from or arising out of the use by Rover, its contractors, servants, agents or invitees, of the Easements, excepting, however, any and all claims, liabilities or damages as may be due to or caused by the acts of a Defendant or his/her/its servants, agents or invitees.

23.    Upon completion of construction, Rover hereby agrees that permanent fencing and tiling destroyed or disturbed by project construction activities shall be repaired and/or re-installed by Rover, at its sole expense, along substantially the same alignment, configuration, and approximate location of the Defendants' existing fences and tiling system.

24.    From and after the completion of construction, Rover hereby agrees to pay any damages that may arise to growing crops, timber, fences, and other improvements from the construction, maintenance, and operation of the Facilities, provided that Rover shall not be responsible for paying damages for its removal of any trees or brush (but not growing crops) or other obstructions from the Permanent Pipeline Easement(s) (to the extent that such easements are identified, described, and depicted on **Exhibit A** hereto) or for its removal of any trees or brush or other obstructions from the Permanent Road Access Easement(s) (to the extent that such easements are identified, described, and depicted on **Exhibit A** hereto) as part of its routine operations to maintain thereof free from obstructions.  Rover further agrees that it shall maintain the Easements, while they remain in effect, clear of all litter and trash accumulations.

25.     To the extent that Defendants' names and addresses are known, Rover has attempted, but has been unable, to acquire the necessary easement or other agreements for the Rover Project through negotiation with the Defendants.

26.     The compensation demanded or claimed by the Defendants for the Easements exceeds $3,000.00.

27.     Jurisdiction for this proceeding in the Court derives from the NGA, particularly 15 U.S.C. § 717f(h), because this is an action take property under the power of eminent domain where the amount of compensation claimed by the owners of the property to be condemned exceeds the sum of $3,000.00.

28.     Venue is proper in this judicial district pursuant to 15 U.S.C. § 717f(h) because this is the district court of the federal judicial district where the Easements are located.

29.     Pursuant to Federal Rule of Civil Procedure 65(c), Rover has deposited or will deposit into the Court's registry the amount required by the Court as security for the compensation that will ultimately be awarded for the Easements sought, and subject to the withdrawal by Defendants on terms specified by this Court.

30.     By its Order Granting Rover Pipeline LLC's Motion for Partial Summary Judgment and Immediate Access and Possession of Easements to be Condemned, dated March 3, 2017 (Civil Action No. 1:17-cv-16; ECF No. 355), this Court confirmed Rover's right to condemn the Easements and immediately possess and access the Easements, as such easements were described in the First Amended Verified Complaint for Condemnation.

31.     Rover seeks an order granting it immediate access to, possession of, and entry upon the Temporary Workspace Easement(s) and/or Temporary Road Access Easement(s) for extended periods of time, as more particularly identified, described, and depicted on **Exhibit A**

hereto (to the extent that such easements are identified, described, and depicted on **Exhibit A** hereto).

32.     Such immediate access and entry is necessary so that Rover can timely comply with applicable regulations and Rover's obligations set forth in the Certificate.

33.     As Rover will post an additional appropriate bond reflective of the estimate of just compensation due to the Defendants for the extension of the Temporary Workspace Easement(s) and/or Temporary Road Access Easement(s), Defendants will not be harmed by Rover's immediate possession of the same, and will benefit from Rover's timely remediation and restoration efforts.

WHEREFORE, Rover respectfully prays that this Honorable Court grant judgment in its favor:

a.      Condemning the Easements identified herein;

b.      Granting Rover Injunctive Relief to permit Rover the right of immediate entry and access upon the Temporary Workspace Easement(s) and/or Temporary Road Access Easement(s) for extended periods of time so that Rover may fulfill its restoration and remediation obligations;

c.      Determining and awarding just compensation for the Easements; and

d.      Issuing all necessary and/or appropriate orders and decrees, and awarding all other general, equitable, and legal relief as the Court deems just and proper.

Respectfully submitted,

**/s/ Lori A. Dawkins**
Lori A. Dawkins (WV Bar #6880)
Steptoe & Johnson PLLC
lori.dawkins@steptoe-johnson.com
400 White Oaks Boulevard

Bridgeport, West Virginia 26330
(303) 389-4300

Lauren A. Williams (WV Bar #11943)
Steptoe & Johnson PLLC
lauren.williams@steptoe-johnson.com
400 White Oaks Boulevard
Bridgeport, West Virginia 26330
(304) 933-8000

William D. Wilmoth (WV Bar #4075)
Steptoe & Johnson PLLC
william.wilmoth@steptoe-johnson.com
1233 Main Street, Suite 3000
Wheeling, West Virginia 26003
(304) 233-0000

*Counsel for Plaintiff Rover Pipeline LLC*

## VERIFICATION

STATE OF ___Texas___ :
                              :       SS
COUNTY OF ___Harris___ :

I, Mark Vedral, after being duly sworn, depose and state:

1. I am the Right of Way Director for Rover Pipeline LLC on the Rover Pipeline Project (the "Rover Project").

2. I am responsible for overseeing the acquisition of all easements and other land rights along the route of the Rover Project that are required and necessary for the construction, operation, and maintenance of such project.

3. I am authorized and qualified to make this verification on behalf of Rover based on my personal knowledge of the factual matters set forth in the Verified Complaint, as amended.

4. I have read the foregoing Verified Complaint, as amended, and am familiar with its contents.

5. The statements of fact contained in the Verified Complaint, as amended, are within my personal knowledge and are true and accurate.

By: _____

                              Mark Vedral


Sworn to and subscribed before me this 26th day of March 2019.


_____

Notary Public in and for the State of ___Texas___

My commission expires: ___11-19-2021___

MARIA E. ACOSTA
Notary Public, State of Texas
Comm. Expires 11-19-2021
Notary ID 7346625